## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 2017-0025 |
| ERICH DAVID KAISER a/k/a ERICH D. KAISER; KATHRYN A. COOKE, Administratrix of the ESTATE OF KARIE F. SALAZAR; SOUTHGATE COURTYARD VILLAS OWNERS' ASSOCIATION, INC.; ANY AND ALL UNKNOWN HEIRS, BENEFICIARIES, DEVISEES, CREDITORS, GRANTEES, ASSIGNEES, LIENORS, TRUSTEES AND ALL OTHER PARTIES CLAIMING AN INTEREST BY, THROUGH, UNDER OR AGAINST THE ESTATE OF KARIE F. SALAZAR, DECEASED, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| SOUTHGATE COURTYARD VILLAS OWNERS' ASSOCIATION, INC., | ) ) ) | |
| Cross-Claimant, v. | ) ) ) ) | |
| KARIE F. SALAZAR, | ) ) ) | |
| Cross-Defendant. | ) ) | |

**Attorneys:**
**Matthew R. Reinhardt, Esq.,**
St. Thomas, U.S.V.I.
    *For Plaintiff*

**Scot F. McChain, Esq.,**
St. Croix, U.S.V.I.
    *For Defendants Southgate Courtyard Villas Owners' Association, Inc.*
        *and Any and all Unknown Heirs, Beneficiaries, Devisees, Creditors, Grantees,*
        *Assignees, Lienors, Trustees and all other parties claiming an interest by,*
        *through, under or against The Estate of Karie F. Salazar, Deceased*

**MEMORANDUM OPINION**

**Lewis, District Judge**

This debt and foreclosure action comes before the Court on a "Motion for Default Judgment" (Dkt. No. 102) filed by Plaintiff Newrez d/b/a Shellpoint Mortgage Servicing ("Plaintiff") against Defendant Erich David Kaiser a/k/a Erich D. Kaiser ("Kaiser") and a "Motion for Summary Judgment" (Dkt. No. 101) filed by Plaintiff against Defendants Southgate Courtyard Villas Owners' Association, Inc. ("Southgate") and any and all unknown heirs, beneficiaries, devisees, creditors, grantees, assignees, lienors, trustees and all other parties claiming an interest by, through, under or against the Estate of Karie F. Salazar,[1] Deceased ("Unknown Defendants"). For the reasons discussed below, the Court will grant Plaintiff's Motion for Default Judgment and Motion for Summary Judgment.[2]

## I. BACKGROUND

On May 22, 2017, Plaintiff filed a Complaint against Karie F. Salazar ("Salazar") and Southgate for a debt owed and foreclosure of a mortgage on real property. (Dkt. No. 1). Thereafter, Plaintiff filed a Motion to Amend the Complaint to name Kaiser, Salazar's surviving spouse, and the Estate of Karie F. Salazar as Defendants in this action after Plaintiff learned that Salazar had died.[3] (Dkt. No. 19). On October 30, 2018, the Magistrate Judge granted the Motion to Amend. (Dkt. No. 21).

---

[1] Defendant Kathryn A. Cooke, Administratrix of the Estate of Karie F. Salazar, was voluntarily dismissed from this action. (Dkt. No. 98). Southgate also dismissed its cross-claim against Salazar. (Dkt. Nos. 97, 100).

[2] As noted earlier, Plaintiff previously filed a "Motion for Default and Summary Judgment." (Dkt. No. 74). This motion will be denied as moot in light of Plaintiff's later filed Motion for Default Judgment and Motion for Summary Judgment.

[3] In seeking to amend the Complaint to add Salazar's heirs and the Estate as Defendants, Plaintiff asserted that 1) upon the passing of Salazar, the heirs, inherited an interest in the Property; and 2)

2

In the Amended Complaint, Plaintiff alleges that Salazar executed a Note on September 11, 2007, in which she promised to pay Plaintiff, the principal amount of $108,000.00, together with interest at the rate of 6.875% per annum, in equal monthly payments of $709.48. (Dkt. No. 22 at ¶ 9). As security for payment on the Note, Defendant executed a First Priority Mortgage (the "Mortgage") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Flagstar Bank, FSB. *Id.* at ¶ 11. The Mortgage placed a lien on real property described as:

> Unit No. 10 of Southgate Courtyard Villas, a Condominium according to the Declaration of Condominium, Phase I, of Plot 67-D and Plot 1-C of Estate Southgate Farm, East End Quarter "A," St. Croix, U.S. Virgin Islands, dated March 11, 1988, filed at the Office of the Recorder of Deeds, St. Croix, on March 11, 1988 bearing File No. 1481/88, as amended, TOGETHER WITH a 4.1458% undivided interest in the COMMON AREAS and FACILITIES declared to be appurtenant to the above described Condominium unit

(the "Property"). *Id.* The Amended Complaint alleges that the Mortgage was recorded at the Office of the Recorder of Deeds for the District of St. Croix ("Recorder") on September 12, 2007.[4] *Id.* at ¶ 12. MERS assigned its interest in the Mortgage to Plaintiff's predecessor in interest, Ditech Financial, LLC, on January 31, 2017 and such Assignment was recorded on April 21, 2017 with the Recorder. *Id.* at ¶ 13.

The Amended Complaint further alleges that beginning on March 1, 2016, Salazar, Kaiser, and the Estate defaulted under the terms of the Note and Mortgage by failing to pay the monthly installment of principal and interest. *Id.* ¶ 16. By correspondence dated August 29, 2016, Plaintiff gave notice of default to Salazar advising that failure to cure the default would result in acceleration

---

where a plaintiff seeks a deficiency judgment in a foreclosure action, the plaintiff must proceed against the personal representative of the decedent's estate. *See* Dkt. No. 20 at 2-3 (citing cases in support).

[4] The Amended Complaint also asserts that the Property was conveyed to Salazar via Warranty Deed dated September 4, 2007 and recorded on September 12, 2007. (Dkt. No. 22 at ¶ 15).

of the debt and foreclosure of the Mortgage. (Dkt. No. 22-4). Following Salazar's failure to cure the default, Plaintiff declared as due and payable the entire unpaid principal sum along with interest and other charges. (Dkt. No. 22 at ¶ 20).

Plaintiff seeks, *inter alia*, judgment in its favor and against Defendants awarding the principal balance and interest due and payable as of the date of Judgment and thereafter; providing for the recovery of attorneys' fees and costs incurred by Plaintiff; ordering that the Property be sold with any proceeds to be applied to the sums due to Plaintiff; and foreclosing on all liens including Southgate's condominium liens recorded on August 5, 2005 and January 14, 2013 in the amounts of $13,561.67 and $5,145.65, respectively (Dkt. No. 96 at ¶ 5).[5] *Id.* at 6-7.

Following the occurrence of natural disasters in the U.S. Virgin Islands, on October 4, 2017, Plaintiff filed a Motion to Stay to comply with the Robert T. Stafford Disaster Relief and Emergency Assistance Act. (Dkt. No. 7). The Magistrate Judge lifted the stay on June 6, 2018. (Dkt. No. 15).

Thereafter, on March 25, 2020, Plaintiff filed a request for a 60-day stay due to a foreclosure moratorium for borrowers with Federal Housing Authority-insured Single Family Mortgages due to the impact of the COVID-19 pandemic. (Dkt. Nos. 38, 38-1). Following several extensions of the stay at the behest of Plaintiff, the Magistrate Judge lifted the stay on July 29, 2021. (Dkt. No. 66). On the same day, the Magistrate Judge granted Plaintiff's Motion to substitute Plaintiff for Ditech Financial. (Dkt. No. 67).

On July 7, 2023, Plaintiff filed a Motion for Default Judgment and a Motion for Summary Judgment, together with a Memorandum of Law and an Updated Affidavit of Indebtedness

---

[5] At the time the Amended Complaint was filed, Plaintiff sought a deficiency judgment against the Estate of Karie F. Salazar in the event that the judgment is not satisfied following a Marshal's Sale of the Property. (Dkt. No. 22 at 7). Since then, Plaintiff has voluntarily dismissed the Administratrix of the Estate from this action. (Dkt. No. 98).

4

("Affidavit"). (Dkt. Nos. 101, 102, 103-7). In the Affidavit, Christina Nash, Document Verification Specialist, attests that she is familiar with the records related to the servicing of the loan, which were maintained as part of Plaintiff's business records. (Dkt. No. 103-7 at 1-2). In the Affidavit, Nash asserts that Salazar owes the following amounts as of June 12, 2023: principal balance of $95,776.42; accrued interest from February 1, 2016 to June 12, 2023 of $48,485.80; pre-accelerated late charges of $496.58; escrow balance at loan transfer of $6,022.45; insurance of $3,025.09; taxes of $988.50; corporate advances of $16,456.50; and escrow disbursements of $87.06, for a total indebtedness of $171,338.40. *Id.* at ¶ 9. In addition, Nash asserts that interest accrues at the per diem rate of $18.04. *Id.*

In the Memorandum of Law, Plaintiff argues that the procedural elements for default judgment against Kaiser are met because Kaiser was properly served with the copy of the Summons and Amended Complaint but failed to appear in this action. (Dkt. No. 104 at 8). To date, Kaiser has not responded to the Motion for Default Judgment.

With respect to summary judgment, Plaintiff asserts that its lien is senior and superior to Southgate's condominium liens. *Id.* at 7. In addition, on June 7, 2023, Plaintiff and Southgate filed a Stipulation stating that Southgate's condominium liens are subordinate to Plaintiff's Mortgage pursuant to 28 V.I.C. § 922.[6] (Dkt. No. 96).[7] Accordingly, Plaintiff argues that it is entitled to summary judgment against Southgate with regard to the priority of the liens.

---

[6] Title 28, Section 922, Subsection A of the Virgin Islands Code states, in part, that, "[a]ll sums assessed by the Association of Apartment Owners but unpaid for the share of the common expenses chargeable to any apartment shall constitute a lien on such apartment prior to all other liens except only (i) tax liens on the apartment in favor of the Government of the United States Virgin Islands, and (ii) all sums unpaid on a first mortgage of record."

[7] In the Stipulation, Plaintiff and Southgate also requested that (1) the Court confirm the order of the priority of liens as agreed upon by the parties; and (2) waive the statutory mediation requirement provided by 28 V.I.C. § 531. (Dkt. No. 96 at 4). Because the Court finds, as the parties

## II.     APPLICABLE LEGAL PRINCIPLES

### A.     Default Judgment

When considering a motion for default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted, nor is the extent or amount of damages claimed by a party. *See Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014); *Service Employees Int'l Union Local 32BJ v. ShamrockClean, Inc.*, 325 F. Supp. 3d 631, 635 (E.D. Pa. 2018); Fed. R. Civ. P. 8(b)(6). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Pieczenik v. Comm'r New Jersey Dept. of Envir. Protection*, 715 F. App'x 205, 208-09 (3d Cir. 2017); *Catanzaro v. Fischer*, 570 F. App'x 162, 165 (3d Cir. 2014).

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of [the] judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

*Bank of Nova Scotia v. Tutein*, Civil Action No. 2017-0016, 2019 WL 2656128, at *3 (D.V.I. June 27, 2019); *see also* Fed. R. Civ. P. 55(b); *Ditech Financial LLC v. Felice*, Civil Action No. 2016-94, 2018 WL 1771558, at *2 (D.V.I. Apr. 12, 2018). Additionally, the Court must assess the three *Chamberlain* factors when determining whether a default judgment is appropriate. *J&J Sports Productions, Inc. v. Ramsey*, 757 F. App'x 93, 95 n.1 (3d Cir. 2018) (citing *Chamberlain,* 210 F.3d

---

have agreed, that Plaintiff's lien is a first priority lien and the parties have conferred and agreed to the terms of the Stipulation, the Court accepts the parties' Stipulation herein.

at 164). The *Chamberlain* factors that bear on whether a default judgment should be entered are: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *Id.*

### B. Summary Judgment

To prevail on a motion for summary judgment, a movant must show that there is "no genuine dispute as to any material fact," and that, based on the uncontroverted facts, it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also King v. Police and Fire Federal Credit Union*, Civil Action No. 16-6414, 2019 WL 2226049 at *4 (E.D. Pa. May 22, 2019). Thus, the moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

Pursuant to Rule 56(e), a non-moving party is required to establish facts which show the existence of a genuine issue for trial. This does not mean, however, "that a moving party is automatically entitled to summary judgment if the opposing party does not respond." *Anchorage Associates v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990) (internal quotations and citations omitted). "[I]f the adverse party does not [] respond, summary judgment, *if appropriate*, shall be entered against the adverse party." *Id*. (emphasis in original).

In reviewing a summary judgment motion, the district court is required to view all facts "in the light most favorable to the non-moving party, and draw all reasonable inferences in that party's favor." *Curto v. A Country Place Condominium Ass'n., Inc.*, 921 F.3d 405, 409 (3d Cir. 2019) (citations omitted). The role of the court is to "determine whether there is a genuine issue for trial." *Stiegel v. Peters Twp.*, 600 F. App'x. 60, 63 (3d Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (internal quotation marks omitted)). A genuine issue of material

fact exists when the fact-finder, viewing the record evidence, could rationally find in favor of the non-moving party. *See Pearson v. Prison Health Service*, 850 F.3d 526, 534 (3d Cir. 2017).

"Generally, debt actions are well suited for summary judgment. Because of the relative simplicity of the issues involved, suits to enforce promissory notes are among the most suitable classes of cases for summary judgment." *Flagstar Bank, FSB v. Lyles*, Civil Action No. 2014-0105, 2017 WL 987448, at *3 (D.V.I. Mar. 14, 2017) (internal quotation marks and citations omitted).

### III. DISCUSSION

To succeed in a debt and foreclosure action, the plaintiff must prove three elements: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *See Brouillard v. DLJ Mortg. Capital, Inc.*, 63 V.I. 788, 793 (2015); *see also Thompson v. Fla. Wood Treaters, Inc.*, 52 V.I. 986, 995 (D.V.I. Dec. 6, 2009) ("To establish a prima facie case for recovery under a promissory note, the holder must demonstrate execution of the note and a default in payment pursuant to its terms."); *Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 229 (V.I. 2013); 55 AM. JUR. 2D Mortgages § 604 (2019) (foreclosure requires a valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract).

### A. Default Judgment against Defendant Kaiser

The factual allegations of the Amended Complaint and the Motion for Default Judgment, as supported by the accompanying documents, set forth all the necessary elements to entitle Plaintiff to judgment against Defendant Kaiser. Plaintiff has provided evidence to establish the elements of its foreclosure action against Kaiser. Specifically, Plaintiff has shown that: (1) Salazar executed and delivered a promissory note and mortgage dated September 11, 2007 (Dkt. Nos. 22-1, 22-2); (2) Plaintiff's predecessor in interest transferred its interests in the subject Mortgage to

Plaintiff via an Assignment of Mortgage dated January 6, 2021 (Dkt. No. 103-7 at 20); (3) Salazar is in default under the terms of the Note and the Mortgage (Dkt. No. 22-4); and (4) Plaintiff has possession of the Note and is the holder of the Mortgage, which provides that Plaintiff is entitled to foreclose its lien on the Property (Dkt. No. 22-2 at ¶ 22). Accepting the factual allegations as true and in light of the accompanying documentation confirming the terms of the Note and the Mortgage, the Court finds that Plaintiff has established, for purposes of default judgment, the merits of its claim.

In addition to establishing the elements of its claim, Plaintiff has satisfied all of the requirements necessary to obtain a default judgment against Kaiser. It has properly shown that: (1) Kaiser was validly served with process (Dkt. Nos. 33, 82-1); (2) Kaiser has not appeared in this action; (3) default was entered against Kaiser by the Clerk of Court on December 20, 2022 (Dkt. No. 84); and (4) Kaiser is not an infant nor an incompetent person (Dkt. No. 69 at ¶¶ 8, 9). Further, Plaintiff has provided a copy of a Military Status Report from the Department of Defense Manpower Data Center establishing that Erich David Kaiser a/k/a Erich D. Kaiser is not in the military service as defined in the Servicemember's Civil Relief Act, 50 U.S.C. § 3931 [formerly 50 App. U.S.C. § 526(a)] (Dkt. No. 103-10).

Plaintiff has also shown with specificity how it calculated the amount due on the account by providing the Affidavit of Indebtedness signed by Nash and supporting documentation. (Dkt. No. 103-7 at 1-3). The Court finds that the following amounts are due: a principal balance of $95,776.42; accrued interest from February 1, 2016 to June 12, 2023 of $48,485.80; accrued interest from June 13, 2023 through the date of entry of Judgment of $938.08[8]; pre-accelerated late

---

[8] Plaintiff has established that interest accrues on the indebtedness at the per diem rate of $18.04 from June 13, 2023 up to and including the date of entry of Judgment. Accrued interest is therefore calculated as: $18.04 per diem rate $x$ 52 days = $938.08.

9

charges of $496.58; escrow balance at loan transfer of $6,022.45; insurance of $3,025.09; taxes of $988.50; corporate advances of $6,915.00[9]; and escrow disbursements of $87.06, for a total indebtedness of $162,734.98.

Finally, Plaintiff has argued, and the Court has considered, the *Chamberlain* factors. The Court finds that the prejudice to Plaintiff resulting from Salazar's breach of her contractual obligations, and Kaiser's failure to assume Salazar's debt—having received notice of this action—together with the apparent absence of a litigable defense weigh in favor of the Court granting default judgment. In addition, despite being served with a copy of the Summons and Amended Complaint, Kaiser has failed to appear and raise any defenses in this matter. (Dkt. Nos. 78, 78-1). In addition, Kaiser's culpable conduct is evidenced by his refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 Fed. Appx. 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, Civil Action No. 2011-0059, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint).

---

[9] On July 12, 2023, the Court ordered Plaintiff to submit a filing identifying with specificity what comprises the sum of $16,456.50 in "Corporate Advances" as stated in its Affidavit. (Dkt. No. 107-3). On July 24, 2023, Plaintiff filed a Notice with the Court explaining that the sum constituted (1) the prior servicer's foreclosure legal fees; (2) property inspection fees; (3) the current servicer's foreclosure legal fees; (4) property preservation costs; and (5) late charges. (Dkt. No. 108 at 1, 3). In its Notice, Plaintiff requests that the Court exclude the legal fees amount of $9,541.50 from the $16,456.50 "Corporate Advances" amount, because Plaintiff "intends to file a separate and fully supported motion for costs and attorney fees after entry of judgment." *Id.* at 2. Plaintiff, however, requests that the property inspection and preservation fees be included in the Judgment because such fees are "reasonable in frequency and amount and [] are properly charged to the borrower pursuant to the terms of the Mortgage." *Id.* at 3. While Plaintiff asserts that the late charges in the amount of $496.58 are included in the "Corporate Advances" sum, the itemization submitted by Plaintiff does not reflect that such sum is included. (Dkt. No. 108-1). The late charges also appear on the Affidavit of Indebtedness as separate from the "Corporate Advances" sum. (Dkt. No. 103-7).

Accordingly, the Court finds that entry of default judgment against Kaiser is warranted.

### B. Summary Judgment against Southgate and the Unknown Defendants

Plaintiff also moves for summary judgment against Southgate and the Unknown Defendants. (Dkt. No. 101). Southgate and the Unknown Defendants did not file an opposition to Plaintiff's Motion for Summary Judgment.

Plaintiff argues that there is no genuine issue of material fact that Plaintiff's Mortgage lien is senior to Southgate's condominium liens. (Dkt. No. 104 at 7). The relevant statute, 28 V.I.C. § 922(a), provides that condominium liens are entitled to priority over all other liens "*except* [*inter alia*] ... all sums unpaid on a *first mortgage of record*." (emphasis added). Accordingly, because Plaintiff's Mortgage is a first mortgage of record, the Court finds that Plaintiff's lien has priority over Southgate's liens. Thus, Plaintiff has a first priority lien on the Property, Southgate has second and third priority liens on the Property, and Southgate's liens may be foreclosed.[10] Therefore, the Court will grant summary judgment in favor of Plaintiff on its claim of lien priority over Southgate. The Court also determines the priority of the liens as follows: Plaintiff's Mortgage on the Property is a first priority lien; Southgate's condominium lien recorded on August 5, 2005 is a second priority lien; and Southgate's condominium lien recorded on January 14, 2013 is a third priority lien.

Similarly, for the same reasons previously described regarding Plaintiff's ability to establish the merits of its claims, the Court finds that Plaintiff has presented undisputed evidence of every element necessary to prevail in a debt and foreclosure proceeding against the Unknown

---

[10] Under Virgin Islands law, "[w]hen a judgment is given foreclosing two or more liens upon the same property or any portion thereof in favor of different persons not united in interest[,] such judgment shall determine and specify the order of time, according to their priority, in which the debts secured by such lien shall be satisfied out of the proceeds of the sale of the property." 28 V.I.C. § 533.

Defendants. Given their lack of response, the Unknown Defendants have failed to raise a genuine issue of material fact as to Plaintiff's debt and foreclosure claims. Therefore, based upon the undisputed facts, Plaintiff is entitled to summary judgment against the Unknown Defendants.

Accordingly, the Court will grant summary judgment in favor of Plaintiff and against Southgate and the Unknown Defendants.[11]

### IV.   CONCLUSION

For the reasons discussed above, the Court will grant Plaintiff Newrez d/b/a Shellpoint Mortgage Servicing's "Motion for Default Judgment" (Dkt. No. 102) against Defendant Erich David Kaiser a/k/a Erich D. Kaiser. Accordingly, the Court will award Judgment in favor of Plaintiff in the amount of $162,734.98 consisting of a principal balance of $95,776.42; accrued interest from February 1, 2016 to June 12, 2023 of $48,485.80; accrued interest from June 13, 2023 through the date of the entry of Judgment of $938.08; pre-accelerated late charges of $496.58; escrow balance at loan transfer of $6,022.45; insurance of $3,025.09; taxes of $988.50; corporate advances of $6,915.00; and escrow disbursements of $87.06. The total indebtedness of $162,734.98 shall accrue interest at the federal statutory rate until the Judgment is satisfied. 28 U.S.C. § 1961(a).

The Court will also grant Plaintiff's "Motion for Summary Judgment" (Dkt. No. 101) in favor of Plaintiff and against Southgate and the Unknown Defendants. The Court finds that Plaintiff's Mortgage on the Property is a first priority lien; Southgate's condominium lien recorded

---

[11] Plaintiff has filed a "Second Motion for Entry of Default" against Southgate and a "Motion for Entry of Default" against the Unknown Defendants. (Dkt. Nos. 86, 99). However, Scot F. McChain, Esq. entered a Notice of Appearance (Dkt. No. 89) on behalf of Southgate and the Unknown Defendants, and Plaintiff subsequently filed a Motion for Summary Judgment against these Defendants. (Dkt. No. 89). In light of Plaintiff's filing of a Motion for Summary Judgment against Defendant Southgate and the Unknown Defendants, the Court will deny as moot Plaintiff's "Second Motion for Entry of Default" as to Southgate and vacate the Clerk of Court's "Entry of Default" (Dkt. No. 105) against the Unknown Defendants.

on August 5, 2005 is a second priority lien; and Southgate's condominium lien recorded on January 14, 2013 is a third priority lien.

The Court will deny as moot Plaintiff's previously filed "Motion for Default and Summary Judgment" (Dkt. No. 74) and "Second Motion for Entry of Default" (Dkt. No. 86). The Court will also vacate the Clerk of Court's "Entry of Default" (Dkt. No. 105) against the Unknown Defendants.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: August 3, 2023 _____/s/_____
WILMA A. LEWIS
District Judge