# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING,<br><br>    Plaintiff,<br><br>  v.<br><br>ERICH DAVID KAISER a/k/a ERICH D. KAISER; KATHRYN A. COOKE, Administratrix of the ESTATE OF KARIE F. SALAZAR; SOUTHGATE COURTYARD VILLAS OWNERS' ASSOCIATION, INC.; ANY AND ALL UNKNOWN HEIRS, BENEFICIARIES, DEVISEES, CREDITORS, GRANTEES, ASSIGNEES, LIENORS, TRUSTEES AND ALL OTHER PARTIES CLAIMING AN INTEREST BY, THROUGH, UNDER OR AGAINST THE ESTATE OF KARIE F. SALAZAR, DECEASED,<br><br>    Defendants,<br><br>SOUTHGATE COURTYARD VILLAS OWNERS' ASSOCIATION, INC.,<br><br>    Cross-Claimant,<br>  v.<br><br>KARIE F. SALAZAR,<br><br>    Cross-Defendant. | Civil Action No. 2017-0025 |

**Attorneys:**
**Matthew R. Reinhardt, Esq.**
St. Thomas, U.S.V.I.
 *For Plaintiff*

**Scot F. McChain, Esq.**
St. Croix, U.S.V.I.
 *For Defendants Southgate Courtyard Villas Owners' Association, Inc.*
  *and Any and all Unknown Heirs, Beneficiaries, Devisees, Creditors, Grantees,*
  *Assignees, Lienors, Trustees and all other parties claiming an interest by,*
  *through, under or against The Estate of Karie F. Salazar, Deceased*

## MEMORANDUM OPINION

**Lewis, Senior District Judge**

THIS MATTER comes before the Court on Plaintiff Newrez LLC d/b/a Shellpoint Mortgage Servicing's ("Newrez") "Motion for Attorney's Fees and Costs" ("Motion"), seeking an award for work performed between 2016 and 2024 of $13,298.00 in attorneys' fees and $6,644.70 in expenses, for a total of $19,942.70. (Dkt. No. 116). For the reasons stated below, the Court will grant in part and deny in part Newrez's Motion. The Court will allow $5,721.90 in attorneys' fees, and deny without prejudice the request for expenses.

### I.    BACKGROUND

On May 22, 2017, Newrez's predecessor in interest, Ditech Financial, LLC, filed a Complaint against Defendants Erich David Kaiser a/k/a Erich D. Kaiser, Kathryn A. Cooke, Administratrix of the Estate of Karie F. Salazar ("Salazar"), Southgate Courtyard Villas Owners' Association, Inc, and the Unknown Defendants[1] alleging causes of action for debt and foreclosure of a mortgage on real property. (Dkt. No. 1). On August 3, 2023, Newrez obtained a default judgment for $162,734.98 for the unpaid promissory note. (Dkt. No. 109). The Court also (1) declared that based on a mortgage executed by Salazar, Newrez held a first priority lien against the subject property on St. Croix ("the Property"); (2) foreclosed the mortgage and all subsidiary liens; and (3) directed that the Property be sold at a Marshal's Sale, with the proceeds to be applied to the outstanding indebtedness. *Id.* at 2-5. Further, the Court permitted Newrez to apply for an award of attorneys' fees, costs, and expenses arising from the action at any time prior to entry of an Order confirming the sale of the Property. *Id.* at 3.

---

[1] The Unknown Defendants refer to "Any and all Unknown Heirs, Beneficiaries, Devisees, Creditors, Grantees, Assignees, Lienors, Trustees and all other parties claiming an interest by, through, under or against The Estate of Karie F. Salazar, Deceased."

2

In the instant Motion, Newrez seeks an award of $13,298.00 in attorneys' fees and $6,644.70 in expenses, for a total of $19,942.70, associated with time expended by counsel during the course of the litigation and following the entry of Judgment in this action. (Dkt. No. 116 at 1). The amounts claimed are described in an Exhibit attached to a Declaration of Counsel in support of the Motion. (Dkt. No. 116-3).

## II.    APPLICABLE LEGAL PRINICIPLES

The Virgin Islands statute governing attorneys' fees states, in pertinent part: "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties ...." 5 V.I.C. § 541(b). The Supreme Court of the Virgin Islands has clarified, however, that "although a fee arrangement for legal services is a matter of contract between the client and the attorney, courts will enforce only reasonable attorneys' fees, even if the contract itself is otherwise enforceable." *Rainey v. Hermon*, 55 V.I. 875, 880-81 (V.I. 2011); *see also Abramovitz v. Lynch*, No. CIV 2005-92, 2007 WL 1959164, at *1 (D.V.I. June 26, 2007) (courts should not enforce contractual provisions that allow unreasonable attorneys' fees); *Yearwood Enterprises, Inc. v. Antilles Gas Corp.*, 2017 WL 6316625, at *3 n.21 (V.I. Super. Dec. 5, 2017) ("Regardless of whether the relief is awarded under V.I. R. Civ. P. 54 or 5 V.I.C. § 541(b), the Court must consider whether the attorneys' fees and costs are reasonable"). In addition, the Virgin Islands Rules of Professional Conduct forbid any attorney from making any agreement for or charging "unreasonable fee[s]" or expenses. V.I. Sup. Rule 211.1.5(a).

"To determine a fair and reasonable award of attorneys' fees under 5 V.I.C. § 541(b), the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation." *United States v. Woods*, No. CV 2014-0111, 2016 WL 6471448, at *9 (D.V.I. Oct. 31, 2016) (quoting *Staples v. Ruyter Bay Land Partners*, LLC, No. CIV. 2005-11, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008)

3

(citing cases)). Generally, when evaluating the reasonableness of a claim for attorneys' fees, the Court undertakes a two-step analysis. First, the Court determines whether the hourly rate sought is reasonable in comparison to prevailing market rates in the relevant community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Williams v. Ranger American of V.I., Inc.*, No. CV 14-00017, 2017 WL 2543293, at *1 (D.V.I. June 12, 2017) (citing *Baumann v. Virgin Islands Water & Power Auth.*, Civ. No. 13-02, 2016 WL 1703312, at *1 (D.V.I. Apr. 27, 2016)); *see also Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001) (determining appropriate hourly rate by comparing the experience and skill of prevailing party's attorneys with that of local attorneys with comparable skill, experience, and reputation). The second step requires the Court to decide whether the total hours billed were "reasonably expended," excluding time billed that is "excessive, redundant, or otherwise unnecessary." *Phillips v. FirstBank Puerto Rico*, No. CV 13-105, 2018 WL 1789546, at *3 (D.V.I. Apr. 12, 2018) (quoting *Flagstar Bank, FSB v. Stridiron*, No. CV 2011-046, 2013 WL 5941298, at *6 (D.V.I. Oct. 31, 2013)). "Excessiveness of time spent in light of an applicant's expertise is a legitimate reason for reducing a fee award." *Borrell v. Bloomsburg University*, 207 F. Supp. 3d 454, 514 (M.D. Pa. 2016). In addition, the Court must also consider, *inter alia*, the relative simplicity or complexity of the case and the quality of the counsel's moving papers. *Bank of St. Croix, Inc. v. Bay Ests. Grp. Ltd. Liab. Ltd. P'ship*, No. CV 2014-0075, 2020 WL 1695687, at *9 (D.V.I. Apr. 6, 2020); *Gillespie v. Dring*, No. 3:15-CV-00950, 2019 WL 5260381, at *7 (M.D. Pa. 2019) (citing *Mantz v. Steven Singer Jewelers*, 100 F. App'x 78, 81 (3d Cir. 2004)).

    Costs, other than attorneys' fees, allowed under 5 V.I.C. § 541 include: (1) fees of officers, witnesses and jurors; (2) expenses of taking depositions which were reasonably necessary in the action; (3) expenses of publication of the summons or notices, and the postage when they are served by mail; (4) compensation of a master as provided in Fed. R. Civ. P. 53; and (5) expenses of copying

4

any public record, book, or document used as evidence at trial. 5 V.I.C. § 541(a). In order for these costs to be reimbursed, they must also be reasonable. *See Creative Minds, LLC v. Reef Broadcasting*, Inc., No. ST-11-CV-131, 2014 WL 4908588, at *1 (V.I. Super. Ct. Sept. 24, 2014). In addition, pursuant to Rule 54.1(b) of the Local Rules of Civil Procedure, a request for costs must be accompanied by the invoices for the items requested.

### III.    DISCUSSION

#### A.    Billing Rates

Turning first to the hourly rate charged, the Court considers whether counsel has established reasonable billing rates. Traditionally, Virgin Islands courts "'have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour.'" *Selene Fin., LP v. Williams*, Civil Action No. 2017-0035, 2023 WL 8530142, at *2 (D.V.I. Dec. 8, 2023) (citing *Williams*, 2017 WL 2543293, at *2); *see also Bank of Nova Scotia v. Davis*, Civil Action No. 2017-41, 2019 WL 7593154, at *2 (D.V.I. Sept. 13, 2019) (acknowledging attorneys' rates generally spans from $125 to $300 per hour); *Ditech Financial, LLC v. Felice*, Civil No. 2016-94, 2019 WL 4941365, at *3 (D.V.I. Aug. 6, 2019) (awarding attorneys' fees at an hourly rate of $250 for a standard residential mortgage foreclosure case). Subsequently, however, hourly rates of up to $350.00 depending on the experience level of the attorney and the complexity of the case—have been found to be reasonable rates charged in the Virgin Islands. *See, e.g., Herishetapaheru v. Firstbank Puerto Rico*, Civil Action No. 2016-0057, 2022 WL 991327, at *3 (D.V.I. Mar. 31, 2022) (allowing $325.00 in attorneys' fees based on the attorney's level of experience); *High Times VI Enterprises, LLC v. Rahhal*, 74 V.I. 304, 310 (V.I. Super. Ct. Apr. 14, 2021) ("The Court finds that Plaintiff's counsel's rate of $350.00 per hour to be consistent with the customary and prevailing market rates that similarly experienced attorneys charge in the U.S. Virgin Islands."); *Roy v. Poleon*, ST-13-cv-525, 2018 WL 6721399, at *2 (V.I. Super. Dec. 14, 2018) (allowing $350.00 per hour to

senior attorneys in complex civil action); *Freund v. Liburd*, No. ST-11-cv-730, 2017 WL 11596465, at *3 (V.I. Super. Dec. 20, 2017) (allowing $340.00 to $350.00 per hour for senior partners in complex contract, foreclosure, and contribution case).

In the Declaration of Counsel appended to the Motion, Newrez's counsel asserts that he is paid under flat rates at pre-determined milestones during the case and that these "milestone" rates have been found to be reasonable by Fannie Mae. (Dkt. No. 116-3 at 2). For example, when the Newrez file/referral is received, Newrez is billed at a rate of $540.00. *Id.* at 3. When the Complaint is filed, counsel bills Newrez at a rate of $585.00. *Id.* When judgment is entered, counsel bills Newrez $810.00, and $1,110 once the Marshal's Sale is held. *Id*. at 3. In total, Newrez has attributed $4,025.00 for milestone fees in its billing records.

Using these lump sum rates, the Court cannot ascertain the time allocated to the tasks covered by the milestone amounts, or the reasonableness of the time expended for such tasks. Further, as discussed below, additional amounts are billed for non-milestone tasks.

Accordingly, the Court will reduce the total milestone amount requested of $4,025.00 by fifty percent to $2,012.50. The Court finds that such an amount is reasonable in light of the simplicity of the issues presented in this uncontested, straightforward default judgment case.

### B. Billing Rates

Based on the billing records, non-milestone tasks are billed at an hourly rate of $215.00-300.00 per hour. (Dkt. No. 116-3 at 1-2). The Court finds these rates to be reasonable.

Having determined a reasonable hourly rate, the Court must then determine whether the number of hours billed were "reasonably expended." *Phillips*, 2018 WL 1789546 at *3. Counsel's billing records reflect that he expended 38.4 hours on the non-milestone tasks. (Dkt. No. 116-3 at 1-2). The Court concludes that the number of hours claimed by Newrez in light of the tasks billed is excessive. This was a routine, run-of-the-mill foreclosure case that was resolved by default judgment

6

and the issues were relatively straightforward. Further, most of the non-milestone tasks billed involve telephone conferences between Newrez's counsel and counsel for Southgate Courtyard Villas Owners' Association, Inc.; calls with the Clerk's office; and the "[r]eceipt, review, and analyz[ing]" of documents, including short Court Orders. (Dkt. No. 116-3 at 5-6).

Considering the routine, straightforward nature of the case and the relative simplicity of the tasks performed, the Court finds that 38.4 hours of work billed—not including the milestone tasks—at the $215.00 to $300.00 per hour rate for a total amount of $9,273.50 is excessive. Further, the Court considers that counsel has "over 10 years of civil litigation experience" and "over eight years' experience specific to mortgage servicing litigation." *Id.* at 3. The Court will therefore reduce the $9,273.50 in fees by sixty percent and will award attorneys' fees for the non-milestone tasks in the amount of $3,709.40.

Accordingly, the Court will award $2,012.50 for the milestone tasks and $3,709.40 for the non-milestone tasks, for a total award of $5,721.90. The Court finds that this amount is reasonable and more comparable with awards in other uncontested, run-of-the mill foreclosure cases—as here—without any unusual issues. *See, e.g., Flagstar Bank, FSB v. Walcott*, Civil Action No. 2018-0037, 2022 WL 4094075, at *4 (D.V.I. Sept. 6, 2022) (awarding $4,850.00 in attorneys' fees); *Lakeview Loan Servicing, LLC v. Martinez*, Civil Action No. 2016-0073, 2020 WL 4572340, at *7 (D.V.I. Aug. 7, 2020) (awarding $4,975.00 in attorneys' fees); *Fed. Nat'l Mortg. Ass'n v. Searles*, Civil Action No. 2015-0021, 2020 WL 4548218, at *3 (D.V.I. Aug. 5, 2020) (awarding $4,867.22 in attorneys' fees); *Lakeview Loan Servicing, LLC v. Rodriguez*, Civil Action No. 2016-0049, 2020 WL 2441412, at *5 (D.V.I. May 12, 2020) (awarding $4,175.00 in attorneys' fees).

    **C.    Expenses**

The Supreme Court of the Virgin Islands has opined that "costs" and "expenses" do not cover the same outlays of funds. In *Terrell v. Coral World*, 55 V.I. 580 (V.I. 2011), the court noted that

Title 5, Sections 541 through 547, "govern the award of costs to a prevailing party in civil litigation." *Id.* at 584. The *Terrell* court observed that "'costs are not synonymous with expenses unless expressly made so by statute.'" *Id.* at 591 n.14 (citation omitted). With regard to "expenses"—those case-related expenditures that do not qualify as "costs" under applicable statutes—such payments may be reimbursed if allowed by the parties' contract, because courts generally enforce the terms of contracts. *See Audubon Engineering Co. LLC v. International Procurement and Contracting Group LLC*, 647 F. App'x 95, 100 n.4 (3d Cir. 2016) (upholding district court's determination that plaintiff was entitled to attorneys' fees because defendant was prevailing party and contractually entitled to attorneys' fees and court costs); *Rainey*, 55 V.I. at 886 (court permitted party to recover legal fees and administrative costs allowed by its contract, "unless the fee is unreasonable."). Here, the Mortgage provides that the "[l]ender shall be entitled to collect all expenses ... including, but not limited to, costs of court." (Dkt. No. 24-3 at ¶ 8).

Newrez is seeking reimbursement of $6,644.70 in expenses. Rule 54(b) of the Local Rules requires the application of costs to be verified by the attorney, with supporting invoices for the costs claimed. Newrez failed to attach actual invoices from each of the service providers to support the costs claimed. Accordingly, the Court will deny without prejudice Newrez's request for expenses. *See* Local Rule 54.1(c) ("Upon failure of the prevailing party to comply with this Rule, all costs not properly supported shall be waived."); *Zurich Am. Ins. Co.*, 87 F. Supp. 3d at 705 (internal citation omitted) ("The party seeking recover[y] of costs must 'provide sufficient information' to demonstrate the compensable nature of the requested costs.").

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Newrez LLC d/b/a Shellpoint Mortgage Servicing's "Motion for Attorney's Fees and Costs" (Dkt. No. 43) will be granted in part and denied in part.

Plaintiff will be awarded fees in the amount of $5,721.90 and its request for expenses will be denied without prejudice.

    An appropriate Order accompanies this Memorandum Opinion.

Date: February 15, 2026                               _____/s/_____
                                                                        WILMA A. LEWIS
                                                                        Senior District Judge